IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 DEC -5 PM 2: 35

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| GLORIA ROGERS, Individually and as the Administrator of the Estate and Succession of Wilbert Keith Rogers,<br><br>Plaintiff,<br><br>vs.<br><br>QUENTON WHITE, Commissioner of the Tennessee Department of Corrections, DAVID MILLS, Warden of West Tennessee State Penitentiary, and UNKNOWN JOHN DOE GUARDS,<br><br>Defendants. | No.   05-2470 BV |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO STAY A DECISION ON THE DEFENDANTS' MOTION TO DISMISS

Before the court is the November 14, 2005 motion of the plaintiff, Gloria Rogers, individually and as the administrator of the estate and succession of Wilbert Keith Rogers, for leave to stay a decision on the defendants' motion to dismiss. Defendant Quenton White, former Commissioner of the Tennessee Department of Correction, and defendant David Mills, Warden of the West Tennessee State Penitentiary, oppose the motion. The motion was referred to the United States Magistrate Judge for determination. For the reasons that follow, the plaintiff's motion is granted in part.

Gloria Rogers filed a complaint in this matter on July 1,

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-6-05



2005, arising from the July 5, 2004 death of Wilbert Keith Rogers, an inmate in the West Tennessee State Penitentiary. The complaint states that Wilbert Keith Rogers was stabbed by another inmate with a homemade metal weapon. The complaint also states that other inmates have died while in custody. The complaint alleges that "because of the continued policy and practice of not allowing a safe environment for inmates under defendants [sic] jurisdiction, defendants White, Mills, and certain unknown JOHN DOE guards at WTSP allowed violence to continue and occur which resulted in the death of decedent Rogers." (Complaint at ¶ 45.) The complaint also alleges that "White, Mills, and certain unknown JOHN DOE guards negligently failed to supervise and maintain a safe place such that decedent Rogers would not have died." (*Id.* at ¶ 46.)

On September 26, 2005, defendants White and Mills moved to dismiss the complaint for failure to state a claim. In their motion, they assert that the plaintiff, Gloria Rogers, cannot assert a claim in her individual capacity for violation of the civil rights of Wilbert Keith Rogers, deceased, because such claim under 42 U.S.C. § 1983 is personal to Wilbert Keith Rogers. In addition, the defendants assert that White and Mills have immunity from suit in their official capacities from suits pursuant to 42 U.S.C. § 1983 under the Eleventh Amendment. Finally, the defendants assert that the plaintiff's Eighth Amendment claim of

2

deliberate indifference fails to state a claim as a matter of law because the plaintiff only alleges one prior incident in the two years preceding the death of Wilbert Keith Rogers, and one prior incident is not sufficient to establish a practice, policy, or custom of deliberate indifference.

In her motion to stay, Gloria Rogers argues that the court should stay a decision on the defendants' pending motion to dismiss so that she may conduct preliminary discovery related to the defendants' deliberate indifference and the involvement of unknown John Doe guards. In support of her motion, Gloria Rogers attached the affidavit of her attorney, Willie J. Nunnery, which stated that Nunnery attempted to discern the factual circumstances surrounding the death of Wilbert Keith Rogers and that, in his opinion, more discovery is needed. Attached to the affidavit are several letters, Wilbert Keith Rogers' autopsy report, and records from the Select Oversight Committee on Corrections concerning deaths at West Tennessee State Penitentiary from 2002 to 2005. In their response, defendants White and Mills argue that the motion to stay should be denied because they assert valid grounds for dismissal and the plaintiff may obtain information on the John Doe guards through a public records request.

As to Gloria Rogers' claims in her individual capacity, the motion to stay a ruling on the defendants' motion to dismiss is

3

denied. There is no factual discovery needed in order to determine if Gloria Rogers has any claims in her individual capacity against the defendants for allegedly violating the civil rights of Wilbert Keith Rogers.

With respect to White, the defendants argue that the stay should be denied because Gloria Rogers has already stipulated to White's dismissal based on his Eleventh Amendment immunity, and White was not served in his individual capacity. See Pl.'s Mem. In Opp. To Defs.' Mot. To Dismiss at 8. Because Gloria Rogers stipulated to White's dismissal in her response to the defendants' motion to dismiss, the plaintiff's motion to stay is denied with respect to any claims against defendant White.

As to Mills in his official capacity, the motion to stay is also denied. There is no factual discovery needed in order to determine if Mills is protected from § 1983 in his official capacity because of Eleventh Amendment immunity. With respect to Mills in his individual capacity, the defendants argue that the stay should be denied because Gloria Rogers has conceded that one additional homicide two years prior to Wilbert Keith Rogers' death fails to establish a practice, policy or custom. (*Id.* at 13.) It is important to note, however, that Gloria Rogers made such concession with the stipulation that more discovery is needed: "It may be at the end of the day that these (Rogers and Ardd) were the

4

only two incidents of inmate on inmate violence. If that is the case, then there is no pattern in practice whereby defendant Mills should be held accountable." (*Id.*) The defendants further argue that, because Gloria Rogers sought and obtained information regarding all inmate deaths at the penitentiary from 2002 to 2005, no further discovery is necessary on the issue. The defendants appear to base this argument on the contention that the complaint only alleges a policy of allowing "violence...to cause the death" of inmates. (Defs.' Resp. To Mot. For Leave To Stay Decision On Mot. To Dismiss at 1 (quoting Complaint at ¶ 41).)

Contrary to defendants' assertions, the court is of the opinion that additional discovery could provide additional evidence of a practice, policy or custom of allowing inmate violence. Although Gloria Rogers obtained a list of inmate deaths at the penitentiary, it does not appear that she has obtained any information concerning inmate violence that did not result in death. Furthermore, the complaint does not only concern inmate deaths, but appears to allege a custom, policy or practice of indifference to inmate violence generally. *See e.g.* Complaint at ¶ 1 (alleging a "custom policy and practice of allowing criminal acts"); ¶ 2 (alleging deliberate indifference to an unsafe environment); ¶ 40 (alleging that Mills did not maintain a safe and secure prison); ¶¶ 43 & 44 (alleging that the guards were

5

indifferent to Rogers' welfare and failed to provide assistance when he was subjected to violence); ¶¶ 45-47 (stating causes of action not limited to inmate deaths). Gloria Rogers asserts similar arguments that confirm this interpretation in her opposition to the motion to dismiss. See Pl.'s Mem. In Opp. To Defs.' Mot. To Dismiss at 9-10, 13.

Accordingly, the plaintiff's motion for leave to stay a decision on the defendants' motion to dismiss is granted with respect to the claims against Mills in his individual capacity and the unknown John Doe guards. In all other respects, the motion for leave to stay is denied. The plaintiff may conduct additional discovery consistent with this order through March 1, 2006. The plaintiff must file any supplemental response to the defendants' motion to dismiss by March 15, 2006 and serve it on the defendants.

IT IS SO ORDERED this 5th day of December, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 25 in case 2:05-CV-02470 was distributed by fax, mail, or direct printing on December 6, 2005 to the parties listed.

---

David Mills
WTSP-HENNING
P.O. Box 1150
Henning, TN 38041

Willie J. Nunnery
NUNNERY LAW OFFICES
Chase Building
802 W. Broadway
Ste. 211
Madison, WI 53713

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Honorable J. Breen
US DISTRICT COURT