IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GLORIA ROGERS, individually and as the
Administrator of the Estate and Succession
of WILBERT KEITH ROGERS,

     Plaintiff,

v.                                                                No. 05-2470 B

QUENTON WHITE, et al.,

     Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
AND ALLOWING PLAINTIFF TO AMEND COMPLAINT
_____

     Before the Court is the motion of the Defendants, Commissioner of the Tennessee

Department of Corrections (the "Commissioner") and Warden David Mills (sometimes referred to

herein as the "Warden"), to dismiss the claims of the Plaintiff, Gloria Rogers, individually and as

the Administrator of the Estate and Succession of Wilbert Keith Rogers, pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.

     According to the complaint, Mr. Rogers was at the time of his death an inmate at West

Tennessee State Penitentiary, where Mills served as Warden.  He was apparently murdered by his

cellmate with a homemade weapon.  The complaint also referred to the May 2002 death of another

inmate, Ricky Ardd, at the hands of his cellmate, as well as the March and September 2003 suicide

deaths of two other inmates.  The Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against

the Commissioner, Quenton White; Mills and "unknown John Doe guards," alleging that the

Defendants failed to provide adequate supervision of inmates and maintain a safe environment.

     Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief

could be granted.  See Fed. R. Civ. P. 12(b)(6).  The Rule requires the court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief."  Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).  Despite this liberal standard of review, the plaintiff must offer more than the bare assertion of legal conclusions.  A "complaint will not survive a motion to dismiss under Rule 12(b)(6) unless it contains 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Uttilla v. City of Memphis, 40 F.Supp.2d 968, 970 (W.D. Tenn.1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)).  However, Section 1983 actions are not subject to a heightened pleading standard.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 165-66, 113 S.Ct. 1160, 1161-62, 122 L.Ed.2d 517 (1993).

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws."  42 U.S.C. § 1983.  The Defendants first argue that the claims under § 1983 are personal and that, therefore, Ms. Rogers has no individual claim thereunder.  The Defendants are correct that a § 1983 claim "is entirely personal to the direct victim of the alleged constitutional tort."  Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000).  Thus, "only the purported victim, or his estate's representative(s), may prosecute a § 1983 claim."  Id. (emphasis added).  Where "plenary scrutiny of the material allegations of the [complaint] reveals that, when construed in the light most favorable for the plaintiff[], [she has] . . . . requested compensation for [the decedent's] alleged constitutional injuries in [her] representative

capacit[y] as [the administrator] of his estate," dismissal of the representative on the grounds of standing is not appropriate.  See id.  However, to the extent Ms. Rogers seeks damages on her own behalf and not as the representative of Mr. Rogers' estate, those claims are DISMISSED.

The Defendants next contend that the Plaintiff's claims against the Commissioner and the Warden should be dismissed pursuant to Eleventh Amendment[1] immunity.  As the Plaintiff, in her response to the instant motion, agreed to stipulate to the dismissal of her claims as to the Commissioner, those claims are hereby DISMISSED.  The Court will thus focus its analysis on the Warden.  The Sixth Circuit has articulated that

> [f]rom birth, the States . . . have possessed certain immunities from suit in state and federal courts. . . .  For the States, that immunity flows from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution.  The States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims against a State by citizens of another State.  The immunity also applies to actions against state officials sued in their official capacity for money damages.

Ernst v. Rising, 427 F.3d 351, 358 (6th Cir. 2005), cert. denied, ___ S.Ct. ___, 2006 WL 219375, 74 U.S.L.W. 3527, 74 U.S.L.W. 3530 (U.S. Mar. 20, 2006) (No. 05-934) (internal citations omitted).  This circuit has also recognized that "[i]t is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages."  Turker v. Ohio Dep't of Rehab. & Corr., 157 F.3d 453, 456 (6th Cir. 1998).  Moreover, state officials acting in their official capacities are not "persons" for purposes of § 1983 liability.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198

---

[1]The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

(6th Cir. 1992).  Therefore, the Plaintiff's claims against Mills in his official capacity as Warden of

a Tennessee Department of Corrections ("TDOC") facility are barred by the Eleventh Amendment.

See Jones v. Campbell, 23 F.App'x 458, 460 (6th Cir. 2001) (dismissal of § 1983 claims against

TDOC commissioner appropriate as they were barred by Eleventh Amendment); Williams v. Tenn.

Dep't of Corr., No. 3:05-0786, 2006 WL 273588, at *2 (M.D. Tenn. Feb. 2, 2006) (dismissing claims

against Mills in his official capacity as warden of a TDOC facility, citing Turker and Will).

　　　　Mills further contends that Plaintiff's claims against him in his individual capacity should

also be dismissed.  A state official may be sued for damages under § 1983 in his individual capacity

without offending the Eleventh Amendment.  Turker, 157 F.3d at 457.  The complaint alleges that

Mills "allowed the maintenance of unsafe and unsecured environment by allowing violence and

dangers to cause the death of other inmates through the use of weapons or allowing metals to be

brought into the prison."  (Compl. at ¶ 41)  In her response to the motion, the Plaintiff argues that,

while Mills had no personal involvement in Mr. Rogers' death, the focus of her claim is "predicated

upon liability or failure to prevent harm to a prisoner by another prisoner,"  (Pl['s.] Mem. in Opp'n

to the Defs' Mot. to Dismiss at 8)

　　　　　The Sixth Circuit has recently articulated the "supervisory liability" theory as follows:

> Respondeat superior is not a proper basis for liability under § 1983.  Nor can the
> liability of supervisors be based solely on the right to control employees, or simple
> awareness of employees' misconduct.  Furthermore, a supervisory official's failure
> to supervise, control or train the offending individual is not actionable unless the
> supervisor either encouraged the specific incident of misconduct or in some other
> way directly participated in it.  At a minimum a plaintiff must show that the
> supervisor at least implicitly authorized, approved, or knowingly acquiesced in the
> unconstitutional conduct of the offending officers.

McQueen v. Beecher Cmty. Sch., 433 F.3d 460, 470 (6th Cir. 2005) (internal citations and quotation

marks omitted).  A supervisory official who is aware of the unconstitutional conduct of his

4

subordinates yet fails to act generally cannot be held liable in his individual capacity.  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).  That is, "supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a *mere failure to act*.  Instead the liability must be based upon *active* unconstitutional behavior."  Salehpour v. Univ. of Tenn., 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999) (emphasis added).  In order to survive a Rule 12(b)(6) motion, a plaintiff must allege that the supervisory defendant condoned, encouraged or knowingly acquiesced in the alleged unconstitutional conduct.  Mayers v. Sedgwick Claims Mgmt. Sys., Inc., 101 F.App'x 591, 592-93 (6th Cir. 2004), cert. denied, 543 U.S. 966, 125 S.Ct. 442, 160 L.Ed.2d 335 (2005), reh'g denied (Jan. 10, 2005).

In this case, even though the Plaintiff submits that discovery may reveal evidence to establish liability on Mills' part, she has alleged at most in her present complaint that he failed to act and does not suggest that any additional discovery will demonstrate that he directly encouraged or acquiesced in a policy of permitting inmate-on-inmate violence.  Accordingly, her claims of supervisory liability as to Mills are DISMISSED.  See Horton v. Martin, 137 F.App'x 773, 775 (6th Cir. 2005) (not sufficient to survive Rule 12(b)(6) motion to allege that director of department of corrections failed to remedy the situation after being informed of it); Davis v. Sapp, No. 99-5769, 2000 WL 572067, at *2 (6th Cir. May 1, 2000) (Rule 12(b)(6) dismissal appropriate where plaintiff alleged that prison officials knew of alleged deficiencies in medical care and failed to intervene).  The dismissal is without prejudice to the filing of an amended complaint curing the defect identified herein.  Such amended pleading must be filed within 30 days of the entry of this order.

The complaint also purports to sue "unknown John Doe Guards."  However, service of

process cannot be made on a fictitious party and has not been made against these Defendants. Moreover, the filing of a complaint against John Doe defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Mich. Bell Tel., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent the Plaintiff seeks to bring a claim against any individual other than those specifically named, she must identify the defendant and file a new lawsuit within the one-year statute of limitations applicable to § 1983 actions. See Tenn. Code Ann. § 28-3-104(a). Her claims against the unknown John Doe guards in this lawsuit are DISMISSED.

Finally, the Plaintiff's request for injunctive relief is DISMISSED as moot, as the prisoner is deceased. See Bowman v. Corr. Corp. of Am., 350 F.3d 537, 550 (6th Cir. 2003) (death of prisoner renders injunctive relief moot).

Based on the foregoing, the Defendants' motion to dismiss is GRANTED and the complaint is DISMISSED. The Plaintiff is directed to amend her complaint within 30 days in order to cure the defects contained in the original complaint as set forth herein. Failure to file an amended complaint within the period prescribed by the Court will result in dismissal of this matter in its entirety without prejudice and without further notice from the Court.

**IT IS SO ORDERED** this 7th day of April, 2006.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE